’.SOMMERVILLE, J.
Plaintiff, police jury of Acadia parish, has availed itself of the provisions of section 4, art. 281, state Constitution of 1913, p. 91, which is as follows:
“The police juries of the various parishes throughout the state, for the purpose of constructing highways and public buildings for the parish, and the governing authorities of municipal corporations, for the purpose of paving or improving streets or alleys, and for all municipal improvements, after making provision for the payment of all statutory and ordinary charges, may fund into bonds running for a period not exceeding ten (10) years, and bearing interest at a rate not exceeding five (5) per centum per annum, which bonds shall not be sold for less than par, the avails of the residue of the ten (10) mill tax authorized by this Constitution.”
The defendant banks were the successful bidders for the bonds issued by the police jury under the foregoing provision of the Constitution, and in conformity with the ordinances of the town council carrying it into effect. They appeal from a judgment in favor of plaintiff, declaring the issue of the *458 bonds involved to be legal and binding obligations of the parish, and condemning defendants to comply with their offer to purchase said bonds on the terms and conditions proposed.
Defendants on their brief, say:
“The issues herein are resolved into the question : Can the police jury, even under the authority conferred upon it by the constitutional provision, issue the said bonds and pledge a certain portion of its general revenues óf ten mills during a course of ten years to pay the principal and interest on same?
“The defendants do not deny that the facts elicited on the trial show that during the year 1914 the general revenues of the parish are sufficient to pay the statutory and ordinary charges of the year, and then leave the sum of $21,915, which is sufficient to cover the year’s interest and pay the first installment "of the principal of the bonds. But they do contend that emergencies may ai'ise in future years, during the life of the said bonds, which would make it impossible for the parish to pay .-its statutory and ordinary charges out of only seven mills of its general revenues. In which event the parish would be forced to use the entire avails of the ten-mill general revenue, thereby depriving the holders of the bonds of that portion of the general revenue intended to pay the principal and interest on the bonds, and compel them to carry the bonds beyond the ten years, the limit within which the said bonds are to run. Hence the payment of the bonds is uncertain and subject to the caprice of the parish governing body.”
The above-quoted section of the Constitution undoubtedly gives the right to the police juries of the various parishes throughout the state the right to fund into bonds, running for a period not exceeding ten years, the avails of the residue of the ten-mill tax authorized to he levied by the Constitution. And the evidence in the record shows that the police jury of Acadia parish, for the year 1914, has levied a tax of ten mills on the dollar on the assessed value of the property of the parish, which is appropriated to pay the budget of expenses for that year, which amounts to $81,000. This last-named amount includes $21,915 to meet the interest on the bonds involved in this suit, and a portion of the principal thereof. $60,085 is appropriated for the statutory and ordinary charges of the parish. And the proceeds of a tax of three mills, aggregating $21,915, has been appropriated for paying the principal and interest on the bonds for each year for the next nine years.
The evidence shows that seven of the ten mills levied by the police jury as taxes are sufficient to meet the statutory and ordinary charges of the parish; which leaves three mills to met the principal and interest on the proposed highway bonds.
The statutes of the state have heretofore authorized police juries and municipal bodies to anticipate their revenues to make contracts extending over a term of years, and to fund into bonds the avails of the residue of the tax which such bodies were authorized to levy and collect; and it is not suggested why a constitutional provision would not be as effective as the statutes. The sole question which the court may consider in this connection is whether or not the general revenues of the parish are sufficient to take care of the statutory and ordinary charges of the parish, and leave a surplus sufficient in amount to pay the principal and interest of the bonds during the year in which the bonds are issued. A similar question was disposed of by the court recently in the case of Williams v. Police Jury of Morehouse Parish (No. 20351) 135 La. 445, 65 South. 604, which involved the validity of a contract, extending over a term of years, instead of the issuance of bonds. In that case we reviewed the several legislative acts on the subject, and it becomes unnecessary to recite them .here.
Judgment affirmed.